Michael R. SALINA, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 02–7389.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 27, 2002.

Before NEWMAN, SCHALL and BRYSON, Circuit Judges.

*ORDER*

PAULINE NEWMAN, Circuit Judge.

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Michael R. Salina's appeal for lack of jurisdiction. Salina has not responded.

Salina filed a notice of appeal with the United States Court of Appeals for Veterans Claims. Finding no Board decision on the record, the Court of Appeals for Veterans Claims directed Salina to show cause why his appeal should not be dismissed for failure to appeal from a final Board decision. In response, Salina discussed the merits of his claims before the regional office. Because there was no final Board decision to review, the Court of Appeals for Veterans Claims dismissed Salina's appeal pursuant to 38 U.S.C. § 7266(a). Salina appealed.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Salina's appeal does not satisfy any of the grounds for invoking this court's jurisdiction. In his informal brief, Salina neither states that the Court of Appeals for Veterans Claims' decision involved the validity or interpretation of a statute or regulation, nor that the decision decided constitutional issues. Rather, Salina challenges the merits of a regional office decision and asks this court "to give me what I deserve[,] a pension or disability and retroactive pay since 1973." Because Salina fails to make any claims concerning constitutional issues or the validity or interpretation of any statutes or regulations implicated by the Court of Appeals for Veterans Claims' decision, Salina's appeal is not within this court's jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.